## In Re Boyer.

[No. 10,076. Filed October 25, 1917.]

1. STATUTES.—*Construction.*—*Scope and Purpose.*—In construing an act of the legislature the courts may take into consideration the general scope and purpose of the act and the condition that prevailed at the time of its passage. p. 410.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Construction.*—The Workmen's Compensation Act, Acts 1915 p. 392,

includes employes in all industrial pursuits, except those expressly exempted by §9 of the act.  p. 411.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Construction.*—*Scope.*—*Farm or Agricultural Laborers.*—One employed as a separator man on a threshing outfit that travels from farm to farm and is owned and operated as a business is not a farm or agricultural laborer within the meaning of §9 of the Employers' Liability Act, Acts 1915 p. 392, which exempts such laborers from the benefits of the act.  p. 411.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Boyer.   Certified questions of law by the Industrial Board.   *Questions answered.*

HOTTEL, C. J.—The Industrial Board of Indiana has certified to this court, under §61 of the Workmen's Compensation Act (Acts 1915, ch. 106, p. 392) the following statement of facts, and questions of law based thereon:

"On the 16th day of July, 1917, and for many years prior thereto, Edward A. Lane was the owner of a wheat and oats threshing equipment, consisting of a traction engine, a separator and a straw blower, which he operated upon the custom basis in threshing wheat and oats for farmers in the eastern part of Boone, and the western part of Hamilton counties, in the State of Indiana; that said threshing outfit was moved from farm to farm by said Lane, and the wheat and oats of the farmers threshed at so many cents per bushel; that in the operation of said threshing equipment the said Lane had William Boyer in his employment, for a number of years as one of the separator hands, at an average weekly wage of $18.00; that on the 16th day of July, 1917, the said Lane was threshing wheat, with said equipment, for a Hamilton county farmer, and at said time William Boyer was working under his em

ployment as one of the separator hands; that on said date, while engaged in the discharge of the duties of his employment, the right hand of William Boyer was caught in the cylinder and his arm drawn into the machine and his arm crushed off above the elbow joint. Boyer claims compensation for two hundred weeks at the rate of $9.90 a week, on account of the loss of his arm. Lane admits that he is entitled to compensation at said rate and for said period, if the Indiana Workmen's Compensation Act applies."

Upon the foregoing facts, the Industrial Board certifies for our determination the following questions of law: "1. Is William Boyer, upon the foregoing facts, entitled to an award of two hundred weeks' compensation at the rate of $9.90 per week, against Edward A. Lane? 2. Upon the foregoing facts was William Boyer a farm laborer, within the meaning of the Indiana Workmen's Compensation Act, at the time of his injury?"

The question presented is controlled by that part of §9, of the compesation act, *supra*, which provides as follows: "This act * * * shall not apply to casual laborers, to farm or agricultural laborers and to domestic servants, nor to employers of such persons: * * *."

Under the facts above stated, Was Mr. Boyer at the time of his injury employed as a farm or agricultural laborer within the meaning of said provision?

In construing or interpreting an act of the legislature the courts may take into consideration the general scope and purpose of the act and the condition

1. that prevailed at the time of its passage. *Board*, etc. v. *Given* (1907), 169 Ind. 468, 483, 80 N. E. 965, 82 N. E. 918; *Hughes* v. *Indiana Union Traction Co.* (1914), 57 Ind. App. 202, 105 N. E. 537, and cases cited.

The purpose of the act, as indicated by its title, was to prevent industrial accidents, and to provide compensation and adequate medical and surgical care for those injured by accident while engaged in industrial pursuits. It is manifest that the purpose of the act was to include within its benefits employes in all industrial pursuits, except those expressly mentioned in the exemption proviso, *supra.*

While the threshing of wheat may be a part of the work necessary to be done on the farm, the farmer himself rarely does it. On the contrary, he has it done by some one who is specially equipped with the machinery necessary to do this kind of work. Wheat threshing is a business or industrial pursuit in and of itself, entirely separate and independent of farming. We apprehend that it would not be contended that the employe of the miller employed in grinding the farmer's wheat into flour, while so engaged, is doing farm or agricultural work. Yet, as affecting the question of what relation the labor of their employes sustains to that of the farm, or agriculture in general, we can see little if any difference between the thresher and the miller. They each have to do with getting the farm product ready for consumption. It is true the miller's work is a step further removed from the farm, but each is engaged in a business, separate from and independent of the farm, which requires machinery, equipment and labor peculiar to the business, and not ordinarily required on or incident to farm work. The only difference between the occupations which suggests itself to our minds as one that might be urged as affecting the question whether each of the two occupations is separate and independent of that of the farm, and whether the labor of their employes, while employed to assist in the operation of such respective businesses, is farm labor, is the fact that the

thresher goes to the farm to thresh the farmer's wheat, while the farmer takes his wheat to the miller to get it ground into flour. If this difference in the place of doing the work can furnish a sufficient reason for characterizing the work of the thresher as farm work, and that of the miller as some other kind of work, then all the miller would have to do to become a farmer would be to place his mill on wheels and go to the farmer to grind his wheat, and the thresher will cease to be engaged in farm work as soon as he requires the farmer to bring his wheat to him for threshing. We do not think the separation and independence of a business or occupation from that of a farmer can be made to depend on such a distinction.

If farmers generally owned threshing outfits and were in the habit of threshing their own grain, and the claimant had been employed by the farmer to assist in the work of threshing, and had been injured while doing such work, a more serious question would be presented. However, if a custom such as that indicated had prevailed among farmers at the time of the enactment of the law in question, the legislature might have made an exception to the proviso, *supra,* which exempts all farm laborers, and those employing them, from the operation of said act.

In our investigation of this question we have been unable to find many jurisdictions in which it has been determined, and in a few of those in which we have found it determined a conclusion different from that which we have reached is indicated. *Sylcord* v. *Horn* (1917), 179 Iowa 936, 162 N. W. 249. There are, however, cases in other jurisdictions which support our conclusion. We think the latter cases are supported by the better reason, and hence prefer to follow them. *White* v. *Loades* (1917), 178 App. Div. 236, 164 N. Y.

Supp. 1023. We therefore conclude that the first question of law propounded by the Industrial Board should be answered in the affirmative, and that the second question should be answered in the negative.

NOTE.—Reported in 117 N. E. 507. Workmen's Compensation Act: who is a farm laborer under the act, L. R. A. 1917D 147.