## BATES *v*. SHAFFER.

1. MASTER AND SERVANT—NEGLIGENCE — ASSUMPTION OF RISK — PARTICULAR CLASS OF WORK—SAFE PLACE.

Where plaintiff was employed to sink some large stones on a farm, a particular class of work with which he was familiar, he assumed the risk incident thereto, and the fact that the employer, who happened to be present, suggested that "we will dig under it a little," which plaintiff was doing, without having provided for himself a runway, when he was injured, would not render the employer liable for failure to provide plaintiff with a safe place to work, since he in no way interfered with the manner of doing the work.

On application of workmen's compensation statutes to persons engaged in farming, see notes in L. R. A. 1917D, 147; L. R. A. 1918F, 202; 7 A. L. R. 1296.

2. SAME—WORKMEN'S COMPENSATION ACT—"FARM LABORER."

    Plaintiff, at the time he was injured, was a "farm laborer" within the meaning of the workmen's compensation act (2 Comp. Laws 1915, § 5424) exempting farm laborers from its provisions, although his employer's principal business was conducting a general store, since it is not the business of the employer, but the character of the work itself, which determines the class of the employment.

Error to Hillsdale; Chester (Guy M.), J. Submitted October 27, 1921. (Docket No. 7.) Decided December 21, 1921.

Case by Charles Bates against Earl Shaffer for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Paul W. Chase* and *Merton Fitzpatrick*, for appellant.

*C. A. Shepard* and *Julian A. Palmer*, for appellee.

SHARPE, J. The defendant is a general storekeeper in the village of Camden in Hillsdale county. He also owns and operates a farm a few miles distant from the village. George Horr, defendant's foreman, employed plaintiff as a day laborer to sink some large stones on the farm. He had worked at it a number of days, having sunk about 40. On the day of his injury, he had dug a large hole in which to sink a stone, estimated to have been about 6 by 5 by 2½ feet in size. It was his practice to call the foreman or one of the laborers to assist in getting the stone into the hole. When about ready to do so, the defendant came to the farm and went to the place where plaintiff was working. He assisted plaintiff in an effort to roll the stone into the hole, but without effect. It is plaintiff's claim that defendant said to him, "We will dig under it a little." They got down

in the hole and plaintiff began digging under the stone and defendant throwing the loose dirt out. Suddenly, and without warning, the stone began to tip. Plaintiff called to defendant "She's coming," and jumped into the corner of the hole farthest from the stone, but in its fall it struck against his legs, breaking a bone in the right one and bruising both.

At the conclusion of plaintiff's proofs, the trial court, on defendant's motion, directed a verdict in his favor. Plaintiff here reviews the judgment entered on such verdict. The assignments of error are all based on the action of the court in directing the verdict for defendant.

If the rule as to assumption of risk applies, there can be no recovery. The plaintiff was employed to do a particular class of work, with which he was familiar, and the claimed instruction of defendant that he "should dig under it a little" was not understood by plaintiff as a direction that he should do other than he was in the habit of doing at such work under similar circumstances. His counsel now claim that a "runway" should have been dug, but, if this was needed for his protection, he should have dug it. Defendant in no way interfered in the manner of doing the work so as to render him liable for failure to provide plaintiff with a safe place to work. The danger was apparent, and was assumed by plaintiff. *Piquegno* v. *Railway Co.,* 52 Mich. 40; *Manning* v. *Railway Co.,* 105 Mich. 260; *Welch* v. *Brainard,* 108 Mich. 38; *Cronin* v. *Foundry Co.,* 132 Mich. 500; *Bauer* v. *Foundry Co.,* 132 Mich. 537; *Bradburn* v. *Railway Co.,* 134 Mich. 575; *Harrison* v. *Railway,* 137 Mich. 78; *Livingstone* v. *Saginaw Plate Glass Co.,* 146 Mich. 236.

Plaintiff, however, claims that as defendant had not elected to come under the workmen's compensation act, he cannot rely on this defense. By section 2 of

part 1 of the act (2 Comp. Laws 1915, § 5424), its provisions do not apply to "farm laborers." Clearly, plaintiff was within this class. He was engaged in labor on a farm quite as much as if he had been at work picking up smaller stone and loading them on a wagon, in removing large stumps, digging ditches, or other work not directly connected with the putting in or harvesting of crops. See, *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577; *Miller & Lux, Inc.,* v. *Industrial Accident Commission*, 179 Cal. 764 (178 Pac. 960, 7 A. L. R. 1291), and annotations thereto. The fact that the defendant's principal business was the selling of merchandise in no way affected the nature of plaintiff's employment at the time of his injury. It is not the business of the employer but the character of the work itself which determines the class of the employment. *Shafer* v. *Parke, Davis & Co., supra.*

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.