## MARIETTA *v.* QUAYLE.

[No. 11,472.  Filed November 21, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Persons within Act.—Farmer Engaged in another Business.—*Under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921), a person engaged in farming is not thereby precluded from engaging in some other business at the same time, and the act may apply to his employes in the latter business, and not to those in the former.  p. 10.

2. MASTER AND SERVANT. — *Workmen's Compensation Act.— Findings of Industrial Board.— Conclusiveness.—* Where the facts are such that reasonable men, equally intelligent and unbiased, may honestly differ in their conclusion as to whether a farmer was also engaged in hauling gravel to such an extent as to come within the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921), the conclusion reached by the Industrial Board will not be disturbed on appeal. p. 11.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Edward Marietta against Lewis E. Quayle.  From an order denying compensation, the applicant appeals.  *Affirmed.*

*Chauncey W. Duncan* and *Felt & Forney,* for appellant.

*Wiles & Roots,* for appellee.

BATMAN, C. J.—Appellant filed an application before the Industrial Board for an award against appellee under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921).  On a hearing by the full board on review an award was denied appellant, and this appeal followed.  The full board found the following facts, among others:  "The full Industrial Board * * * finds that on the 25th day of October, 1919, and long prior thereto the defendant was engaged in the business of farming, and was not engaged in any

other trade, business, occupation or profession regularly and permanently, and on said date was casually engaged in the business of hauling gravel upon a public highway; that on said date the plaintiff was in the employment of the defendant as a casual laborer in the hauling of gravel on the public highway, at an average weekly wage of $18; that on said date, while engaged in the discharge of his duties as such casual laborer the plaintiff received a personal injury by an accident arising out of and in the course of said employment; * * * that the service which the plaintiff was performing at the time of his injury was not in the usual course of the defendant's business or occupation."

There is no finding that the parties made a voluntary joint election to be bound by the Workmen's Compensation Act, but it is found, in effect, that appellant's employment at the time he received his injuries was "both casual, and not in the usual course of the trade, business, occupation, or profession" of appellee. Therefore, by reason of the provisions of amended §9 of said act (Acts 1919 p. 159, §8020s Burns' Supp. 1921), the board properly denied appellant an award of compensation on the facts found.

Appellant contends, however, that the finding of facts is not sustained by the evidence, and seeks a reversal on that ground. He bases this contention on a claim

1. that the evidence shows without contradiction, contrary to the finding of the board, that appellee was engaged in the business of gravel hauling, as well as that of farming, and that he received his injuries while an employe of appellee in the usual course of such business. We readily agree with appellant, that a person engaged in farming is not thereby precluded from engaging in some other business at the same time, and that the Workmen's Compensation Act, supra, may apply to his employes in the latter business. and not to

those in the former.    This is clearly in accord with reason, and finds support in the decisions.    *Davis* v. *Industrial Com.* (1921), 297 Ill. 29, 130 N. E. 333, 15 A. L. R. 732; *Vaughan's Seed Store* v. *Simonini* (1916), 275 Ill. 477, 114 N. E. 163, Ann. Cas. 1918B 713; *In re Keaney* (1913), 217 Mass. 5, 104 N. E. 438; *Thompson* v. *Twiss* (1916), 90 Conn. 444, 97 Atl. 328, L. R. A. 1916E 506.

But we cannot agree that the evidence shows that appellee was engaged in gravel hauling, under such circumstances and to such an extent, that we must

2.    hold on appeal, in the face of the finding of the board to the contrary, that it constituted a business or occupation of appellee, within the meaning of these terms as used in clause (b) of §76 of said act (Acts 1919 p. 158, §8020h3 Burns' Supp. 1921), to which reference is made in said amended §9, Acts 1919 p. 158, *supra.*   It is obvious that a person may be engaged in farming, and at the same time may be conducting a permanently established transfer business in which he operates day by day, a line of vehicles kept exclusively for use in such business.   Such a person would clearly be engaged in two separate occupations.   But it is equally obvious that if a person is engaged in farming, and sends a team with a driver for a day to assist a neighbor for hire in moving his grain to market, he does not thereby establish a second occupation.   These two illustrations are given as extremes, and furnish examples of cases in which this court would be justified in passing upon the question under consideration, as a matter of law, as the facts stated would be subject to only one conclusion in each instance.   However, the facts in most cases will probably be such that reasonable men, equally intelligent and unbiased, may honestly differ in their conclusions with reference to such question.   Where this is true, the conclusion reached by the

Industrial Board will not be distributed on appeal, under the general rule in that regard.

In considering said amended §9, Acts 1919 p. 158, *supra*, in which casual laborers, whose employment is both casual and not in the usual course of the trade, business, occupation or profession of his employer, are excepted from the application of the Workmen's Compensation Act, *supra*, where the parties do not make a voluntary joint election to be bound thereby, we must presume that the legislature had a purpose in making such a provision, and, if reasonably possible, we must so apply it as to make it effective for the accomplishment of such purpose. It was evidently contemplated that employers of labor, at times, would secure the performance of services not in the usual course of their trade, business, occupation or profession, and intended that those who performed such services should be excluded from the operation of said act. If we should hold that an employer of labor, who has an established trade, business, occupation or profession, enters another business or occupation, when he secures the performance of labor, however slight or temporary, in some line not connected with his business already established, we would in a measure nullify said section, and unnecessarily defeat one of the evident purposes of its enactment. To give it any practical effect respecting casual laborers, it must be so applied as to permit employers of labor, with established trades, businesses, occupations or professions, to secure the performance of services to some reasonable extent, in connection with some other pursuit, without being held liable under said act, in the event an injury occurs to an employe performing such services. In the instant case we are clearly of the opinion that we would not be justified in holding that the Industrial Board should have found otherwise than it did, in the particulars challenged, in view of the lim-

ited extent in which appellee engaged in gravel hauling, and the circumstances under which it was done.

We find no grounds for a reversal, and the award, therefore, is affirmed.