## FLECKLES ET AL. *v.* HILLE.

[No. 12,453.   Filed December 15, 1925.]

1. MASTER AND SERVANT.—*Employee on farm principally devoted to raising poultry was "agricultural employee" within meaning of statute.*—Since the term "agriculture" includes the raising of poultry, the fact that the principal business of a farm was raising poultry would not take an employee thereon out of the class of "agricultural employees" which are not included within the provisions of the Workmen's Compensation Act (Acts 1919 p. 158, §9454 Burns 1926, §8020s Burns' Supp. 1921).   p. 716.

2. EVIDENCE.—*Universality of poultry production by Indiana farmers judicially known.*—It is a matter of common knowledge that poultry production by Indiana farmers is well nigh universal.   p. 716.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Michael Hille against Maurice Fleckles and others.   From the award made, the defendants appeal.   *Reversed.*   By the court in banc.

*Charles S. Lundin* and *William J. Reed,* for appellants.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellee.

REMY, J.—Appellants owned and operated a farm consisting of forty acres, one-fourth of which was under cultivation.   The principal business of appellants, in the operation of the farm, was the production of eggs and poultry, the farm being designated as the Winter Green Poultry Farm.   Appellee was employed by appellants.   His duties were to perform any and all kinds of labor to which he was assigned in the conduct of the farm.   During the period of his employment, he had assisted in the planting and cultivation of the crops, and in cutting weeds, but most of his work was in feeding and caring for the poultry.   While handling sacks

of feed preparatory to feeding chickens, appellee received a personal injury as a result of an accident, for which injury he filed with the Industrial Board a claim for compensation. At the hearing, the evidence without conflict established, and the board found, the facts as above stated and made an award in favor of appellee. From the award this appeal is prosecuted.

The one question for determination is: Was appellee, at the time he received the injury, a farm or agricultural employee within the meaning of §9 of the Workmen's Compensation Act (Acts 1919 p. 158), which provides that the act shall not apply to "farm or agricultural employees?"

It is contended by appellee, and apparently the Industrial Board adopted that view, that, in the operation of the farm, appellants were in the business of raising poultry, to which business farming by them was but incidental; and that appellee was, therefore, not a farm or agricultural employee. This contention cannot prevail.

The terms "farm employee" and "agricultural employee" as used in this state have substantially the same meaning. If there is any difference, the latter expression which necessarily includes the former has a broader meaning. See, *Davis* v. *Industrial Comm.* (1922), 59 Utah 607, 206 Pac. 367.

The term "agriculture" is defined as the art or science of cultivating the soil, including the planting of seed, the harvesting of crops, and the raising, feeding 1, 2. and management of live stock or poultry. See Webster's Dictionary; 2 C. J. 988; 28 R. C. L. 718; *Coleman* v. *Bartholomew* (1916), 161 N. Y. Supp. 560, 175 App. Div. 122; *Simons* v. *Lovell* (1871), 7 Heisk. (Tenn.) 510, 516. In this state, it is a matter of common knowledge that poultry production by Indi-

ana farmers is well nigh universal, though carried on more extensively by some. than by others. The fact that appellants in the operation of the farm specialized in the production of poultry, did not, under the facts of this case, take them or their employees out of the agricultural class. In the conduct of the farm, they were agriculturists, and since appellee at the time he received the injury was performing labor incident to the farm enterprise, he was an agricultural employee within the meaning of §9, *supra*. *Davis* v. *Industrial Comm., supra*.

Reversed.