### DOWERY ET AL. *v.* STATE OF INDIANA.

[No. 12,440. Filed December 18, 1925.]

1. MASTER AND SERVANT.—*Whether laborer is a "farm employee" depends on character of his work, and not on business of employer.*—Whether a laborer is or is not a "farm employee" within the meaning of §9 of the Workmen's Compensation Act (§9454 Burns 1926, §8020s Burns' Supp. 1921) depends on the character of the work he is required to perform and not on the occupation or business of the employer. p. 39.

2. MASTER AND SERVANT.—*Laborer employed to work on farm operated in connection with Girls' School was "farm employee" and not entitled to compensation for injuries.*—A laborer em-

ployed by the Indiana Girls' School whose duties were limited to work on the farm operated in connection with, and incidental to, the school was a "farm employee" within the provisions of §9 of the Workmen's Compensation Act, §9454 Burns 1926, §8020s Burns' Supp. 1921 (*In re Boyer*, 65 Ind. App. 408, distinguished). p. 39.

3. MASTER AND SERVANT.—*Workmen's Compensation Act should be liberally construed, even to the inclusion of cases not within letter of statute.*—The Workmen's Compensation Act is remedial in character and should be liberally construed, even to the inclusion of cases within the reason of the statute although outside of the letter thereof. p. 39.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Bertha Dowery and others against the State of Indiana. From a denial of award, the claimants appeal. *Affirmed.* By the court in banc.

*White & Jones,* for appellants.

*Arthur L. Gilliom,* Attorney-General and *Frank L. Greenwald,* for the State.

REMY, J.—The Indiana Girls' School is, and for many years has been, a state institution for the education and training of delinquent girls. In connection with, and as a part of, the institution there is operated a farm for the production of grain, vegetables, fruit and live stock. On December 6, 1924, Joseph Dowery, an employee of the school, whose duties as such employee were limited to work in the operation of the farm, received an injury as a result of an accident which arose out of and in the course of his employment. The parties had not filed with the Industrial Board their election not to be bound by the provisions of the Workmen's Compensation Act.

Following Dowery's death, appellants, as his dependents, applied for compensation. From an order of the board denying compensation, this appeal is prosecuted.

The question for determination is: Was Dowery a farm or agricultural employee within the meaning of §9 of the Workmen's Compensation Act (Acts 1919 p. 158), which provides that the act shall not apply, "to farm or agricultural employees, * * * nor to employers of such persons, unless such employees and their employers file with the Industrial Board their voluntary joint election so to be bound?"

It is appellee's contention, and by its order denying compensation the Industrial Board held, that although the farm was being operated in connection with, 1, 2. and incidental to, the conduct of the school, Dowery, whose work was confined to farm labor, was a "farm employee" within the meaning of that term as used in the section of the act to which we have referred. It is to be observed that the statute does not classify the employee in accordance with the general occupation or business of the employer. Whether a laborer is or is not a farm employee is determined from the character of the work he is required to perform. 28 R. C. L. 718; *Shafer* v. *Parke, Davis & Co.* (1916), 192 Mich. 577, 159 N. W. 304; *Bates* v. *Shaffer* (1921), 216 Mich. 689, 185 N. W. 779; *Fleckles* v. *Hille* (1925), 83 Ind. App. 715, 149 N. E. 915. It follows that Dowery was a farm or agricultural employee, and that the Industrial Board did not err in denying compensation to his dependents.

It is suggested that our holding in this case cannot be reconciled with the decision of this court in the case of *In re Boyer* (1917), 65 Ind. App. 408, 3. 117 N. E. 507, wherein it was held that an injury to a workman on a traveling wheat-threshing outfit was compensable. It may be that within the letter of our compensation act, the man employed to assist in the threshing of wheat is doing agricultural

labor, but in construing and administering the law, we must not lose sight of its scope and purpose. It is apparent that farm laborers, like domestic employees, were excluded from the operation of the act because such labor is less hazardous; being less hazardous, there is less need of protection. To be sure, the farm laborer may have some days each year of hazardous employment, but they are the exception and not the rule. With the employee engaged as a threshing-machine hand, and going from farm to farm, it is different. His work is constantly of the most hazardous nature, much more hazardous than the work of the average factory employee. It is not reasonable to suppose that the law makers would intentionally exclude from the benefits of the compensation act those who were regularly employed as machine men in the threshing of grain. The compensation act is remedial in character, and as was well stated in *In re Duncan* (1920), 73 Ind. App. 270, 127 N. E. 289: "It should be liberally construed to the end that the purpose of the legislature, by suppressing the mischiefs and advancing the remedy, be promoted, even to the inclusion of cases within the reason, although outside the letter, of the statute." In the Boyer case, this court disregarded the fact that the threshing-machine employee might be excluded by the letter of the law, and correctly held that since such employee is within the reason of the act, he is also within its protection.

The conclusion of this court in the Boyer case is correct, and is the settled law of this state. There are, however, some statements in the reasoning of the court in that opinion which are not in harmony with this opinion. Such statements are disapproved.

The award is affirmed.