774

UNIVERSITY OF ILLINOIS, No. 603—

*Opinion submitted March 14, 1934.*

*Opinion submitted March 14, 1934.*

By the Court.

A decision authorizing an award cannot be justified on this claim.

Sub-section 8 of Section 3 of the Workmen's Compensation Act provides in part as follows:

"Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purpose, or to any one in their employ or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered."

It was the intention of the Legislature that the Workmen's Compensation Act should not apply in any sense or under any conditions to those engaged in farming, tillage of the soil or stock raising or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered. The fact that the University operates its farm land for the purpose of education and not for profit can not justify an exception being made of employees of the University who are injured while being engaged in any manner in the agricultural work excepted under the Act. No reason appears why an employee of the State should be placed in any other or different or better position than an employee of the individual farmer, if the work is in fact done on the farm land. The fact that the University operates its farms as experimental stations does not make a change in the fact that the work done is in fact work done on a farm.

"A farm means any tract of land used for raising crops or rearing animals."

257 Southwestern, 220.

"A farm within the meaning of a statute giving the landlord a lien for rent, in standard and common acceptation, means a body of land usually

under one ownership, devoted to agriculture, either to raising crops or pasture or both."

158 Pacific, 608.

*People* vs. *Caldwell,* 142 Ill. 434.

*Williams* vs. *C. & N. W. Ry.,* 228 Ill. 596.

In passing upon a statutory provision similar to that in Illinois, but not so broad in its phrasings, the following was held in Indiana:

"An employee of the State Girls School, whose duties were limited to work on a farm operated in connection with the school held to be a farm employee within the Workmen's Compensation Act."

*Dowery* vs. *State,* 149 N. E. 922.

An examination of Section 3 of the Illinois Compensation Act discloses that Sub-sections 1, 2, 3 and 7½ all contain the following words "Except as provided in sub-paragraph 8 of this section."

Consequently, even if the University was engaged in any business or enterprise within the sub-sections 1, 2, 3, 7½ or 8, an injury sustained in any such business or enterprise would not be compensable if the work done came within the exception set forth in Sub-paragraph 8.

In a Michigan case it appeared that a corporation, organized for the manufacture and sale of chemicals and pharmaceuticals, maintained a farm where it raised hay, rye and other farm products, the principal use, however, of the farm being in connection with the laboratory of the corporation, animals (from guinea pigs to horses) being kept on the farm for experimental purposes.

Held: The growing of grain and care of stock are the ordinary uses to which a farm is put, and any man employed to work on a farm and do the work ordinarily done there, regardless of the purpose, is a farm laborer.

*Shaeffer* vs. *Parke Davis & Co.,* 159 N. W. (Mich.) 304.

The provisions of the Illinois Statute are more comprehensive than any other State to which the attention of the court has been called. In Nebraska the exception relative to farm work covers "employers of farm laborers." In Iowa the excluding words are "farm or other laborer engaged in agricultural pursuits." In Minnesota the words used are "farm laborers," in Utah "agricultural laborers," in Idaho

"agricultural pursuits," in Michigan "farm laborers," in Indiana "farm or agricultural laborers and employers of such persons," in New York "farm laborers." In Illinois the exclusion under Sub-section 8 covers not only the employer but the employee, and also any work done, etc. It therefore seems that where the facts show that the work was done on a farm or country place then the injury is not compensable.

Under the provisions of Sub-section 8 of Section 3 of the Act, and upon the facts submitted and for the sole purpose of arriving at a conclusion for the guidance and action of the officials of the University of Illinois, the Court of Claims is of the opinion that the Workmen's Compensation Act should not be held applicable to the above named employee with reference to said injury and that under same no award can be properly made.