EVANSVILLE VENEER & LUMBER COMPANY *v.* MULLEN

[No. 17,457. Filed April 1, 1946. Rehearing Denied April 26, 1946. Transfer Denied May 28, 1946.]

*James L. Murray,* of Indianapolis, for appellant.

*Lockyear & Lockyear,* and *Paul Wever,* all of Evansville, for appellee.

DRAPER, J.—The appellee's husband, Henry Mullen, died as the result of an accident which arose out of and in the course of his employment with appellant company. The company defended on the ground that Mullen was a farm or agricultural employee. From an adverse award the company appeals and by its assign-

ment of error questions the sufficiency of the evidence and the legality of the award.

The evidence discloses that the appellant conducts a lumber business and had employed Mullen for many years as a timber cruiser and machine operator. In 1941 the appellant purchased a 300 acre farm. The timber was removed and thereafter the appellant farmed the land, tilling about 150 acres of it, raising and marketing crops and livestock and doing everything customary and necessary in the operation of a farm.

The appellant's manager, a witness for the appellee, testified concerning Mullen's employment that:

"Q. He (Mullen) asked to run the farm?

"A. Yes. We might have been talking it over and we decided he would even move up there.

. . .

"Q. After you and he had talked about this farm, there was a definite understanding between you and him that he would go up there and run that farm?

"A. Sure.

"Q. You merely continued to pay him the same salary he got before?

"A. Yes.

"Q. He did go up there and take charge of that farm?

"A. Yes, he was running it."

Mullen moved his family to the farm and lived there at least 18 months and until his death. There is some conflict as to how much of his time Mullen spent doing farm work. Smith, the only hired hand who assisted Mullen on the farm, testified on behalf of the appellant that Mullen was away from the farm about one day a week and on one occasion was gone for four days. The appellant's manager testified on behalf of the appellee that he "guessed" Mullen was away from the farm 30

to 35 per cent of the time. Mullen was subject to being called away from the farm by the appellant at any time and when away he worked in and about appellant's lumber business. When on the farm he did farm work; plowing, planting, harvesting and feeding the stock alongside of Smith. Mullen received $35 to $40 per week and Smith $15 per week. While Mullen and Smith were shucking corn in the field, a horse hitched to the wagon kicked Mullen in the stomach. He died a few days later.

The statute excludes farm or agricultural employees from the benefits of the Act. § 40-1209, Burns' 1940 Replacement of Vol. 8. Whether a workman is or is not a farm employee must be determined from the character of the work he is required to perform, and not from the general occupation or business of the employer. The whole character of the employment must be looked to. Neither the pending task nor the place where it is being performed is the test, *Heffner* v. *White* (1942), 113 Ind. App. 296, 45 N. E. (2d) 342; *Hahon* v. *Grimm* (1935), 101 Ind. App. 74, 198 N. E. 93, nor is the amount of compensation received alone decisive. An employer may be conducting an established business of some sort and at the same time be engaged in farming. *Marietta* v. *Quayle* (1922), 79 Ind. App. 9, 137 N. E. 61; *Dowery* v. *State* (1925), 84 Ind. App. 37, 149 N. E. 922. And an employee may work in a dual capacity for the same employer and be covered by the Act while engaged in one capacity and excluded from its benefits while engaged in the other. *Macshir Co.* v. *McFarland* (1934), 99 Ind. App. 196, 190 N. E. 69; *Claypool Machine Co.* v. *Cripe* (1937), 104 Ind. App. 156, 10 N. E. (2d) 427.

There was nothing temporary or transient about Mullen's employment at farm work. He was not out of

character in the performance of it. He was employed and paid to do farm work as well as other work. He lived on the farm, spent by far the greater part of his time doing general farm work and was doing that work when the accident befell him. In the most favorable view that could be taken of appellee's case, and employing the most liberal construction of the Act permissible to us, the best that could be said is that Mullen was employed in a dual capacity for the same employer. In such case his right to compensation depends upon which kind of service he is rendering when the injury occurs. *Claypool Machine Co.* v. *Cripe, supra.*

The award is not supported by the evidence and it is, therefore, reversed and the cause remanded with instructions to enter award in favor of appellant.

NOTE.—Reported in 65 N. E. (2d) 742.