H. J. HEINZ COMPANY, ETC. *v.* CHAVEZ, ETC. ET AL.

[No. 29,522. Filed February 28, 1957.]

Henry L. Humrichouser, of South Bend, James V. Donadio, R. Stanley Lawton, Geoffery Segar, and Ross, McCord, Ice & Miller, (of counsel), all of Indianapolis, for appellant.

Robert J. Salek, John B. Dilworth, both of LaPorte, and James D. McKesson, of Walkerton, for appellees.

Brunner, Brown & Brunner, of Shelbyville, Amicus Curiae.

ACHOR, C. J.—The Industrial Board made an award granting compensation to appellees, dependents of one Solomon J. Chavez, whose death was the proximate result of personal injuries arising out of and in the course of his employment with appellant company. From this award appellant prosecutes this appeal.

The question which this court is required to determine is whether, at the time of his fatal injury, decedent was employed by appellant as a farm or agricultural employee and, as such, was exempt from the Workmen's Compensation Act, by Section 9 thereof. This section of the Act provides "This act . . . shall not apply to casual laborers, . . . nor to the employers of such persons, . . ." (§40-1209, Burns' 1952 Repl.)

The facts which give rise to this litigation are as follows: The appellant, H. J. Heinz Company, is engaged in merchandising various food stuffs, including cucumber pickles. It has a pickle processing station at Walkerton, Indiana. In order to grow and harvest pickles, it is necessary to import itinerant workers, some of whom are, as in this case, Spanish speaking people from Texas. In order to get these itinerant workers to come to the area the farmers and the appellant

formed what is known as the Heinz Growers Employment Committee, Inc., which recruits such itinerant laborers. In some cases these workers work in fields directly cultivated by appellant and, in some instances, they are employed in appellant's pickle factory, but in many other cases the workers work on the farms of individual farmers whose crops are under contract with the appellant. When picking pickles these laborers are supervised in their work by appellant and are paid a share of the price paid to the farmer for their work. The decedent was an itinerant worker, whose employment was in the latter catagory.

Decedent was killed in a collision with a train while driving his own truck, in which other similar employees were riding to work, for which transportation decedent was also paid.

It is not disputed that appellee's employment was generally related to the harvesting of pickles. Under normal circumstances the harvesting of a crop constitutes farm or agricultural employment,[1] which employment is excluded from the Workmen's Compensation Act. However, appellees contend that because of the fact that appellant's over-all business as an employer consists of the processing and marketing of pickles, therefore, decedent's employment for appellant must also be considered and classified as industrial, and not "farm" or "agricultural." It appears that the Full Industrial Board adopted this rationalization in making its award.

In support of the above contention, appellees rely upon the cases of *In re Boyer* (1917), 65 Ind. App. 408, 411,

---

1. "The term 'agriculture' is defined (in Webster's Dictionary) as the art or science of cultivating the soil, including the planting of seed, the harvesting of crops, and the raising, feeding and management of livestock or poultry." *Fleckles et al.* v. *Hille* (1925), 83 Ind. App. 715, 716, 149 N. E. 915.

117 N. E. 507, and *Evansville Veneer & Lumber Co.* v. *Mullen* (1946), 116 Ind. App. 616, 619, 65 N. E. 2d 742. However, an examination of these cases discloses that the facts in neither of them are analogous to the facts in the case at bar, nor does the reasoning of those cases support the position here asserted by appellees.

In the Boyer case, *supra,* the claimant was regularly employed as a threshing machine attendant. The court, in that case, sustained an award on the ground that, at that time, the operation of threshing machines was not a farm nor agricultural activity. In that case the court stated:

> "While the threshing of wheat may be a part of the work necessary to be done on the farm, *the farmer himself rarely does it.* On the contrary, he has it done by some one who is specially equipped with the machinery necessary to do this kind of work. *Wheat threshing is a business or industrial pursuit in and of itself, entirely separate and independent of farming. . . ."* (Our emphasis.)

The award of compensation in that case was justified by the fact that, in 1917, the operation of threshing machines, one of which claimant was employed to attend, was "a business or industrial pursuit in and of itself, entirely separate and independent of farming," and rarely engaged in by farmers themselves. However, the employment with which we are here concerned is entirely different. It is difficult to conceive of any employment in which the work performed is more closely related to farming and agriculture than is true of the harvesting of pickles or like farm produce. Here the workman walks among the vines, stoops within a few inches of the soil and, by hand, pulls the pickles of the proper size, one at a time, and places them in a container which he carries with him. On the basis of these

facts, the case at bar and the Boyer case, *supra,* are not analogous.

Next we consider the Mullen case, *supra.* Apparently it is largely on the basis of this case that the Industrial Board granted an award to the appellees. In that case the court correctly stated that the character of a workman's employment must be determined, not on the basis of "the pending task nor the place where it is being performed," but from "the whole character of the employment." *Evansville Veneer & Lumber Co.* v. *Mullen, supra,* at page 619.

The Industrial Board evidently considered the above language to mean that, in determining the character of an employee's employment the Board should look to the whole character of the *employer's* activity, for which laborers generally were employed, and not to the work which the particular employee was hired to perform.

The fact that the Board so construed the Mullen case, *supra,* is evidenced by the contention that: ". . . In determining whether the type of work referred to is agricultural employment under the facts presented, more is required than what the decedent was actually doing in view of the nature of appellant's business as a whole. The picking is merely one step—in fact, the first step in processing the pickles for appellant company preparatory to being put on the grocery-man's shelf. . . ." *H. J. Heinz Company* v. *Chavez* (1956), 135 N. E. 2d 530, 535. We do not so construe the act, nor do we so interpret the Mullen case, *supra,* above cited and relied upon.

The "employment" of a laborer is determined by the type of work he, as an employee, is required to perform. It is true that, in determining the character of such employment, it is necessary to consider the "whole character" of his work, if it

involves the performance of diversified tasks. Under such circumstances compensation will not be granted or denied exclusively on the basis of the "pending task." However, the court in the Mullen case, *supra,* is explicit upon the issue that: ". . . Whether a workman is or is not a farm employee must be determined from the character of the work *he* is required to perform, and *not from the general occupation or business of the employer." Evansville Veneer & Lumber Co.* v. *Mullen, supra,* at page 619. (Our emphasis.)

Previously the Appellate Court had stated the rule as follows:

"It is to be observed that the statute does not classify the employee in accordance with the general occupation or business of the employer. Whether a laborer is or is not a farm employee is determined from the character of the work he is required to perform." *Dowery et al.* v. *State* (1925), 84 Ind. App. 37, 39, 149 N. E. 922.

And, in a more recent case, the rule was stated as follows:

". . . Was appellant, at the time of his injury, a 'farm or agricultural employee,' within the meaning of said provision? In determining this question we must keep in mind the general character of the employment and the kind of work the employee was hired to do since our statute does not classify the employee in accordance with the general occupation or business of the employer. . . ."

*Hahn* v. *Grimm* (1935), 101 Ind. App. 74, 77, 198 N.E. 93. And for similar rulings by the court, see also the more recent cases of *Heffner* v. *White* (1942), 113 Ind. App. 296, 45 N. E. 2d 342; *Claypool Machine Co.* v. *Cripe* (1937), 104 Ind. App. 156, 10 N. E. 2d 427.

Furthermore, we are confronted by the fact that a contrary ruling would be inconsistent with the established decisions of the federal courts which have con-

strued the Fair Labor Standards Act. In the case of *Wyatt* v. *Holtville Alfalfa Mills*[2] (S. D. Cal. 1952), 106 F. Supp. 624, 628, the court had before it the question as to whether certain laborers were farm or agricultural employees within the meaning of the Act. Appellee operated an alfalfa dehydrating plant. As a part of its operation appellee hired employees to cut, rake and chop the alfalfa on farmer-owned farms, preliminary to processing the same in appellee's plant. Appellant was such an employee. The action was his claim for increased pay for overtime work. Appellee resisted the claim on the ground that farm and agricultural employees were exempt from the Act. In that case the court stated: ". . . counsel for the plaintiffs make much of the fact that the defendant is a commercial industry. There is little room for argument on that score. The test under the Act, however, is the nature of the employee's activities, and not the character of the employer's business. . . ."

Thus, the rule is well established that, although the character of the "employment" of an employee must be determined from the "whole character" of his employment and not upon the particular work he is performing at the time of his injury, nevertheless the coverage of an employee under the Act is dependent upon the character of the work he is hired to perform and not upon the nature and scope of his employer's business.[3] Appellee asserts that such a construction and application of the Workmen's Compensation Act imposes an unconscionable hardship upon an

2. See: *Holtville Alfalfa Mills* v. *Wyatt* (1955), 230 F. 2d 398.
3. This ruling is in accord with the decisions of other states which have construed their Workmen's Compensation Acts upon the same issue. *Campos* v. *Garden City Co.* (1949), 166 Kan. 352, 201 P. 2d 1017; *Melendez* v. *Johns* (1938), 51 Ariz. 331, 76 P. 2d 1163; *Pestlin* v. *Haxton Canning Co.* (1948), 274 App. Div. 144, 80 N. Y. S. 2d 869; *Shafer* v. *Parke Davis & Co.* (1916), 192 Mich. 577, 159 N. W. 304.

injured employee or his dependents. Upon this issue we are not free to comment. The right of a workman to recover compensation, in the absence of negligence, is statutory. Farm or agricultural employees are expressly excluded from the operation of the Act which created the right. The contention made by appellee is one of public policy which the legislature must determine.

The award is not supported by the evidence and must be reversed. In considering our mandate we are confronted by the fact that there are no questions of fact in the case which remain undetermined for further consideration by the Board. The error was one of law. The law as we have stated it when applied to the facts as determined necessitates an award in favor of appellant. Therefore the award is reversed and the cause remanded with instructions to enter an award in favor of the appellant.

Arterburn, Bobbitt, Emmert & Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 500.