**Ted L. RIEHEMAN and Cindy Rieheman on behalf of Natalie Rieheman, Appellant–Plaintiff,**

v.

**CORNERSTONE SEEDS, INC., and Alan Jones, Appellees–Defendants.**

No. 08A02–9602–CV–92.

Court of Appeals of Indiana.

Oct. 18, 1996.

Thomas J. O'Brien, Lafayette, for appellant–plaintiff.

James H. Austen, Starr Austen Tribbett & Myers, Logansport, for appellees–defendants.

## OPINION

KIRSCH, Judge.

Ted and Cindy Rieheman, on behalf of Natalie Rieheman (hereinafter referred to collectively as Riehemans) appeal the trial court's order dismissing their claim for lack of subject matter jurisdiction. On appeal, the Riehemans raise one issue: whether at the time of her injury Natalie was employed as a farm or agricultural employee within the meaning of § 9 of the Indiana Worker's Compensation Act (Act).

We reverse.

### FACTS AND PROCEDURAL HISTORY

Cornerstone Seeds, Inc. (Cornerstone) is a wholesale production company which sells seed corn to retail seed corn businesses. Cornerstone does not produce the seed corn, but enters into contracts with individual farmers who plant and harvest the corn and deliver it to Cornerstone. Cornerstone supplies the individual farmers with the seed stock, plants the male corn,[1] hires employees to perform such duties as removing the male corn plants, roguing (the practice of removing from the field all corn plants that are not common to the variety originally planted), detasseling, shelling the corn, and drying the seed. Cornerstone also designates to the farmer when the corn is to be harvested and delivered. Cornerstone pays the farmers a

---

1. The individual farmers plant the entire field to female corn plants, and Cornerstone hires employees to plant male corn plants between the female plants.

flat price per bushel of seed corn produced and delivered to the company.

Each year, during the month of July, Cornerstone hires employees to detassel the seed corn by walking through the fields and pulling the tassels off the top of the corn. Detasseling improves the productivity of the seed corn when it is actually planted in the following growing season. Detasseling jobs do not last the entire summer. Detasseling employees are only needed for approximately three weeks in July.

The detasselers Cornerstone hires meet at various locations and are transported by Cornerstone to the fields in which they will work. Cornerstone directs the detasselers' work by deciding which field will be detasseled and by training the employees in how to detassel the plants.

In July of 1994, Natalie Rieheman was hired by Cornerstone as a corn detasseler. On July 19, 1994, Natalie was transported by a Cornerstone employee to a farm to detassel corn plants. A rain storm developed while the detasseling took place, and Natalie and the other detasselers left the field to take shelter from the storm. Before doing so, Natalie attempted to retrieve her lunch from the back of a Cornerstone transportation truck driven by Alan Jones, a fellow employee of Cornerstone. While attempting to retrieve her lunch, Natalie slipped and fell and was struck by the transportation truck. Natalie sustained serious injury.

On February 13, 1995, the Riehemans filed a Complaint against Cornerstone and William Jones (the President and General Manager of Cornerstone) based upon the injuries Natalie sustained while working as a detasseler. Cornerstone filed a Motion to Dismiss for lack of subject matter jurisdiction, alleging that the sole remedy for Natalie's injuries was limited to that provided by the Act. The trial court granted Cornerstone's Motion to Dismiss, finding that the court lacked subject matter jurisdiction because Natalie, at the time of her employment, was not a farm employee and was therefore subject to the provisions of the Act.

## DISCUSSION AND DECISION

### Standard of Review

When an employer defends against an employee's tort claim on the basis that the employee's sole remedy is to pursue a claim for benefits under the Act, such a defense should be advanced through a motion to dismiss for lack of subject matter jurisdiction. *Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind.1994). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court has considerable latitude in devising procedures to bring to light the facts pertinent to jurisdiction, and it is well established that in doing so it may consider not only the complaint and motion but any affidavits or other evidence submitted. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286–87 (Ind.1994). On appeal from an order of dismissal pursuant to Ind.Trial Rule 12(B)(1) where there are no facts in dispute for purposes of the appeal, we review the issue *de novo. See Doe By Roe v. Madison Center Hospital*, 652 N.E.2d 101, 103 (Ind.Ct. App.1995) (where there are no facts in dispute, we are in as good a position as the trial court to determine it.)

### Whether Natalie, at the time of her injury, was a farm or agricultural employee

The Rieheman's argue that the trial court erred in dismissing her civil suit against Cornerstone for lack of subject matter jurisdiction. The gravamen of the Riehemans' argument is that individuals employed as corn detasselers are agricultural employees within the meaning of § 9 of the Act, and are, therefore, exempt from the Act's provisions. Cornerstone argues that the Riehemans' personal injury claim fell within the exclusive jurisdiction of the Act. Cornerstone contends that because it engages in a business that farmers do not ordinarily conduct, and because the corn detasselers perform tasks not ordinarily performed by farmers, Natalie was not a farm or agricultural employee at the time of her injury.

Section 9 of the Act excludes farm or agricultural employees from the benefits of the Act. Whether a worker is or is not a

farm or agricultural employee must be determined from the character of the work she is required to perform and not from the general occupation or business of the employer. *Evansville Veneer & Lumber Co. v. Mullen,* 116 Ind.App. 616, 619, 65 N.E.2d 742, 743–44 (1946). In making such determination, the whole character of the employment must be considered. *Id.*

■ The terms "farm employee" and "agricultural employee" have substantially the same meaning. *Fleckles v. Hille,* 83 Ind. App. 715, 716, 149 N.E. 915, 915 (1925). If there is any difference, the latter expression which necessarily includes the former has a broader meaning. *Id.* The term "agriculture" is defined as "the science or art of cultivating the soil, producing crops, and raising livestock and in varying degrees the preparation of these products for man's use and their disposal (as by marketing)." Webster's Ninth New Collegiate Dictionary.

Cornerstone relies upon *In re Boyer,* 65 Ind.App. 408, 117 N.E. 507 (1917) and *Hahn v. Grimm,* 101 Ind.App. 74, 198 N.E. 93 (1935). However, an examination of these cases discloses that the facts in neither of them are analogous to the facts in the case at bar, nor does the reasoning of those cases support the position here asserted by Cornerstone. In *Boyer,* this court found that an employee of a wheat and oat thrashing business was not a farm or agricultural employee. In sustaining an award for worker's compensation benefits, the court held that the award of compensation was justified by the fact that in 1917, the operation of threshing machines was "a business or industrial pursuit in and of itself, entirely separate and independent of farming," and rarely engaged in by farmers themselves. *Boyer,* 65 Ind. App. at 411, 117 N.E. at 508.

In *Hahn,* it was determined that an employee hired to feed a corn shredder while it was being operated and to keep the shredder in repair and who was injured while cleaning the shredder was not a farm or agricultural employee. In making the determination, this court held that the employee's employment as a corn shredder was a "definite employment for a specific purpose, at a different wage and with different duties" than the

farm labor employment in which the employee was previously engaged with the same employer. *Hahn,* 101 Ind.App. at 77–78, 198 N.E. at 94.

The Riehemans rely upon *H.J. Heinz Co. v. Chavez,* 236 Ind. 400, 140 N.E.2d 500 (1957). In *Heinz,* the Heinz company hired itinerant workers to pick cucumber pickles on farms of individual farmers whose crops were under contract with the company. Chavez, an itinerant worker, was killed in a collision with a train while driving his own truck, in which similar employees were riding to work, for which transportation decedent was paid. In determining whether the decedent was, at the time of his death, a farm or agricultural employee, our supreme court stated that:

> "It is difficult to conceive of any employment in which the work performed is more closely related to farming and agriculture than is true of the harvesting of pickles or like farm produce. Here the workman walks among the vines, stoops within a few inches of the soil and, by hand, pulls the pickles of the proper size, one at a time, and places them in a container which he carries with him."

*Id.* at 404, 140 N.E.2d at 503. The Riehemans compare Natalie's employment to that of Chavez in *Heinz.* According to the Riehemans, because detasseling corn is similar to harvesting cucumbers, Natalie, like Chavez, should be considered an agricultural worker. We agree.

Although the nature of the employment of an employee must be determined from the whole character of his employment and not upon the particular work he is performing at the time of his injury, the coverage of an employee under the Act is dependent upon the character of the work he is hired to perform and not upon the nature and scope of his employer's business. *Heinz,* 236 Ind. at 407, 140 N.E.2d at 504.

Natalie was hired as a corn detasseler. Her employment required her to be transported from farm to farm to detassel the corn plants. Natalie was picked up by a Cornerstone vehicle and transported to the corn fields to be detasseled. Her employ-

ment as a corn detasseler required her to walk or ride in a truck between each row of corn and remove by hand the tassels from every corn plant. She had no other duties with respect to Cornerstone's business. Detasseling is a process in the production of seed corn that improves the productivity of the seed corn in the following growing season. The work Natalie performed is closely related to producing seed corn.

Looking to the whole character of Natalie's employment, we conclude that Natalie, at the time of her injury was an agricultural employee within the meaning of § 9 of the Act. We find that the Riehemans' claim falls within the jurisdiction of the trial court and that the trial court erred in dismissing their claim for lack of subject matter jurisdiction. Therefore, the trial court's decision is reversed and the cause is remanded with instructions to reinstate the Riehemans' Complaint against Cornerstone for injuries Natalie sustained while working as a corn detasseler.

Reversed and remanded.

SULLIVAN and RILEY, JJ., concur.