**ROCKY RIVER FARMS INC.,**
Appellant–Defendant,

v.

**Loretta PORTER, Appellee–Plaintiff.**

**No. 93A02–1001–EX–34.**

Court of Appeals of Indiana.

April 26, 2010.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellant.

Lynne E. Ellis, Duncan & Ellis, PC, Loogootee, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Rocky River Farms, Inc., appeals the decision of the Full Worker's Compensation Board ("the Board") affirming the decision of a hearing member, who concluded that Rocky River's employee, Loretta Porter, was eligible for worker's compensation benefits. On appeal, Rocky River raises one issue, which we restate as whether the hearing member properly found that Porter was not a farm or agricultural employee within the meaning of Indiana Code section 22–3–2–9(a). Concluding that the evidence presented to the hearing member establishes that Porter was not working as a farm or agricultural employee at the time of her injury, we affirm.

### Facts and Procedural History

Jean and Mark Loosemore own Rocky River, an equestrian facility that offers riding instruction, boarding, training, and sales. Jean hired Porter to train trail horses in July 2007. Porter also fed the horses one morning each week and occasionally swept the hay loft, and wiped off mirrors. In addition, Porter groomed the horses that she rode and fed one horse at lunchtime. She occasionally dumped water buckets, hosed the indoor arena to control dust, and turned the horses out of their stalls to graze. Porter was injured on September 5, 2007, when a horse she was training reared up and fell over on top of her.

Two weeks later, Porter filed a claim for worker's compensation benefits with the Board. Rocky River Farms responded that Porter's claim was exempt from compensation because Porter was a farm or agricultural employee under Indiana Code section 22–3–2–9(a). In January 2009, a single hearing member entered an order finding Porter was not a farm or agricultural employee and concluding Porter was eligible for worker's compensation benefits. Specifically, the hearing member's order provides as follows:

### FINDINGS OF FACT

7. The horses that [Porter] trained were considered "trail horses." Jean Loosemore was primarily responsible for training show horses. There was no evidence presented that either type of horse was trained or expected to be useful for work on a farm. Trail horses are typically used for recreational or pleasure riding.

\*    \*    \*

### CONCLUSIONS OF LAW

\*    \*    \*

2. [Porter] was not involved in the production, breeding, or even the maintaining of the horses on a regular basis, her position was to train the horses and she was doing this while she was injured. Furthermore, the trained horses would not be "useful" animals on a farm, but

rather to be used for recreational purposes or for pleasure riding.

3. The intent of the legislature when it created the exception in the act for farm employees was not to burden farmers who were living on the farm, producing revenue from that farm, and usually personally engaging in the farm activities of cultivating and harvesting the land and/or raising and breeding animals to be used on the farm or for human consumption. Although, the definition of a farm has changed over time as it has become less and less of a family operation, it is too far of a stretch to classify the recreational use of horses to be a farming activity just because a typical farm animal is involved. Just as horse racing or horse showing would not be a farm activity, the training of horses used for pleasure is not a farm activity.

Appellant's Appendix at 5–6. In October 2009, the Board affirmed the hearing member's decision. Rocky River appeals.

### Discussion and Decision

### I. Standard of Review

■■ We employ a two-tiered standard of review in evaluating the Board's decision. *Young v. Marling*, 900 N.E.2d 30, 34 (Ind.Ct.App.2009). First, we review the record to determine if there is any competent evidence of probative value to support the Board's findings. *Id.* Next, we examine the findings to determine if they are sufficient to support the decision. *Id.* Here, the single hearing member entered written findings, and the Board found that the hearing officer's decision should be adopted. Such adoption is sufficient to attribute to the Board the explicit written findings of the single hearing member and to permit appellate review accordingly. *Id.* at 34–35. We therefore examine the evidence recited in the single hearing member's decision as well as the findings

and conclusions set out therein, as these constitute the Board's decision. *Id.* at 35.

### II. Porter's Status as a Farm or Agricultural Employee

■■ Indiana Code section 22–3–2–9(a) precludes farm or agricultural workers from receiving worker's compensation benefits for work-related injuries. Whether a worker is or is not a farm or agricultural employee must be determined from the character of the work she is required to perform and not from the general occupation or business of the employer. *Rieheman v. Cornerstone Seeds, Inc.*, 671 N.E.2d 489, 491–92 (Ind.Ct.App.1996), *trans. denied.* In making such a determination, the whole character of the employment must be considered. *Id.* at 492.

■ The terms "farm employee" and "agricultural employee" have substantially the same meaning. *Id.* If there is any difference, the latter expression which necessarily includes the former has a broader meaning. *Id.* Agriculture is defined as the "art or science of cultivating the soil, including the planting of seed, the harvesting of crops, and the raising, feeding, and management of live stock or poultry." *Gerlach v. Woodke*, 881 N.E.2d 1006, 1012 (Ind.Ct.App.2008). *trans. denied,* (quoting *Fleckles v. Hille*, 83 Ind.App. 715, 715, 149 N.E. 915, 915 (1925)).

Rocky River contends the trial court erred in failing to classify Porter as a farm or agricultural employee because the whole character of Porter's work was farm or agricultural work with the horses. In support of its contention, Rocky River directs us to several cases from other jurisdictions in which workers were deemed farm or agricultural employees, including *Simons v. Longbranch Farms, Inc.*, 345 S.C. 277, 547 S.E.2d 500 (App.2001); *Leppert v. Parker*, 218 Neb. 63, 352 N.W.2d

180 (1984); and *Fitzpatrick v. Crestfield Farm, Inc.,* 582 S.W.2d 44 (Ky.Ct.App. 1978). However, the facts in these cases are all distinguishable from the facts before us.

For example, in *Simons,* the injured employee fed cattle, cleaned stalls, performed chores, and drove tractors. 547 S.E.2d at 503. In *Leppert,* the injured employee was a general farm and ranch laborer who cleaned the stalls and barns, groomed the horses, hauled hay, and assisted in training horses. 352 N.W.2d at 181. Lastly, in *Fitzpatrick,* the injured employee fed, housed, and cared for brood mares. 582 S.W.2d at 46.

Here, however, Porter primarily trained trail horses that would be used recreationally at an equestrian center. We agree with the single hearing member that it is too long of a stretch to classify the recreational use of horses as a farming activity simply because a farm animal is involved. We defer to the Board's interpretation of a statute and liberally construe the Act in favor of the employee. *See Young,* 900 N.E.2d at 34. The single hearing member and Board both properly found that Porter was not a farm or agricultural employee.

### Conclusion

At the time of her injury, Porter was not a farm or agricultural employee within the meaning of Indiana Code section 22–3–2–9(a). The hearing member and the Board therefore properly concluded that she was eligible for worker's compensation benefits.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.