### KUHNER v. KUHNER PACKING COMPANY.

[No. 15,252.   Filed October 15, 1934.   Rehearing denied January 25, 1935.]

*Lesh & Lesh,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellee.

KIME, J.—This is an appeal from an award of a majority of the members of the full Industrial Board, in favor of appellee, denying compensation to appellant on account of injuries sustained by her husband, which resulted in his death.

The evidence discloses that decedent, at the time of his death, was vice-president of appellee and looked after the maintenance and the new buildings, which duties took him all over the plant. That it was necessary to have someone look after the construction work of appellee and the decedent always did that very thing. That he did not spend the entire day on the construction job but would go back and forth to his office, sometimes to rest and sometimes he would be around the construction job only for a few hours. That decedent and the president of appellee would look around to see how the construction was being done and that they would talk about the building they were constructing and that decedent was happy and interested in the company. He would also call on customers, collect bills, do clerical work, sign pay roll checks, and whatever else there was to do. At the time of his death he owned 978 shares of the outstanding 14,000 shares of the common capital stock and 40 shares of the outstanding 368 shares of the preferred stock of the corporation and that he attended most of the board of directors meetings of appellee, he being a member of that board.

At the time of the accident appellee was constructing an addition to its present plant; that decedent and one Mr. Hitchens were acting as foremen on this construction job; that decedent and Hitchens took orders from the president of appellee and that the workmen took orders from both Hitchens and decedent. Decedent was paid $5,000.00 per year for his services and Mr. Hitchens received $1.00 or $1.25 per hour and worked

from sixty to seventy hours each week and owned no stock.

It was stipulated that decedent died as a proximate result of personal injuries received by him on the 11th day of February, 1932. At the hearing, upon the application filed by appellant, the hearing member made an award in her favor, however, upon review before the full board, a majority of its members found at the time of the accident and death of decedent he was not an employee of appellee within the meaning of the Indiana Workmen's Compensation Act and that, therefore, appellant take nothing by her application.

This appeal followed and appellant assigned as errors that the award is not sustained by sufficient evidence and is contrary to law.

The only question properly presented is, was the decedent an employee?

Whether decedent was an employee within the meaning of the Indiana Workmen's Compensation Act is a question of fact in this case to be determined by the Industrial Board upon hearing the evidence.

We have carefully read all the evidence in this cause and find that there is some evidence from which the Industrial Board could find, as it did, that appellant's decedent was not such an employee. Since there is some evidence, as shown above, to support such finding and the order denying the compensation, this court will not disturb such order and award on appeal.

Finding no reversible error the award of the Industrial Board is affirmed.