CLAYPOOL MACHINE COMPANY ET AL. *v.* CRIPE ET AL.

[No. 16,021.  Filed October 14, 1937.]

*Jones, Obenchain & Butler,* for appellants.

*Brubaker & Rockhill,* for appellees.

CURTIS, J.—This is an appeal from an award of the full Industrial Board granting compensation to the appellees as dependents of Dick W. Cripe. The error assigned and relied upon is that the award of the full board is contrary to law. Under this assignment the appellants contend that the evidence is insufficient to sustain the finding and that the finding of facts is insufficient to sustain the award.

That part of the finding and award of the full board that presents the matter in controversy is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on July 1, 1936, while in the employ of the defendant Claypool Machine Company at an average weekly wage in excess of $30.00, one Dick W. Cripe suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge; that the said Dick W. Cripe died on the same day; that at the time of his death the said Dick W. Cripe was living with Anna May Cripe, his wife, Frances B. Cripe, 15 years old, his daughter, and Freda L. Cripe, 14 years old, a daughter, who were wholly dependant upon him for support.

"The Full Industrial Board further finds that the said Dick W. Cripe was an officer of and a stockholder in the defendant company the Claypool Machine Company, and that said defendant company was incorporated under the laws of the State of Indiana.

"It is further found that all during the life of said corporation the said Dick W. Cripe in addition to his duties as an officer of said defendant company performed manual labor such as other employees performed in and about the business of said defendany company; and that on July 1, 1936, the said Dick W. Cripe was engaged in the performance of such labor.

"It is further found that defendants have not paid the statutory $100.00 burial expense.

"It is further found that the American Mutual Liability Insurance Company was the carrier for the defendant company, the Claypool Machine Company, at the time of the accident, injury, and death of the said Dick W. Cripe.

### AWARD

"It is therefore considered and ordered by the Full Industrial Board of Indiana that there is awarded plaintiffs Anna May Cripe, Frances B. Cripe and Freda L. Cripe in equal shares compensation at the rate of $16.50 per week, beginning with July 1, 1936, during the period of their dependency but not exceeding three hundred (300) weeks as to time."

There was evidence before the board that the Claypool Machine Company is a corporation and was organized in the year 1921, to take over the assets of the partnership theretofore existing, the partners of which were Dick W. Cripe, the decedent, J. D. Cripe, his brother, and another.

The stock of the newly organized corporation consisted of 350 shares of common stock and the same amount of preferred stock all of the par value of $100 per share, and was issued in equal proportion to the said three persons in exchange for their right, title, and interest in and to the business and property of the partnership.

On July 1, 1936, the date of the accident, the decedent was the owner of forty-nine shares and an undivided one-third of sixty-five shares of the common stock and also owned six shares of the preferred stock. He was president and director of the company. This company was a corporation of humble proportions and its business was that of an axle company. It employed about twenty men in the year 1936.

The discharge of the official duties of the decedent as

president and director constituted a small portion of the services rendered by him to the corporation. There were resolutions at different times fixing a salary for him as general manager at $1,800.00 a year and at another time at $2,400 a year, and there was a resolution at a different time fixing his salary as manager at $2,080.00 per year. He was paid only the sum of $36.00 a week regularily with $4.00 reserved to be used by him as he desired. This was his only income.

There was evidence to the effect that he spent practically all of his time working in the plant doing whatever was necessary, such as janitor work, repairing boilers, repairing machines and operating machines and other similar duties happening to come along and for which he had time; that he did no office work, except at times he answered a little correspondence but performed no general duties in the office and that practically all of his work for the corporation from the time it was organized until his death was manual and physical; that the last year of his life he helped load and unload heat treating furnaces and that he did such work on the morning of the accident and that frequently he worked about the plant unloading steel the same as other employees; that on the day of the accident and immediately preceding it he was in the stock room of the plant looking up a part which some customer desired to purchase; that at that time a fire broke out in one of the furnaces containing oil and as he and his brother were going toward the tank there was an explosion which trapped him and killed him. That he was the main man to take care of the heating equipment; that for the purpose of Workmen's Compensation Insurance he was carried as a shop employee and not as clerical. There is no dispute as to the manner of his death or as to his dependants.

The main contention of the appellant centers about

the fact that the decedent was a director and the president of the corporation, the contention being made that for that reason he was not an employee within the meaning of the Indiana Workmen's Compensation Law. We cannot agree with that contention.

The rule is that where the injured person, as in the instant case, is serving the corporation in a dual capacity as officer and also employee the right to compensation depends upon which kind of service he is rendering when the injury occurs. The mere fact that the appellees' decedent served the Claypool Machine Company as a director and president would not of itself preclude the appellees from the right to compensation if their decedent at the time of the injury was performing services for the corporation as an employee within the meaning of the Workmen's Compensation Law of this state. See: *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387; *Manfield & Firman Company* v. *Manfield* (1932), 95 Ind. App. 70, 182 N. E. 539; *Macshir Company* v. *McFarland* (1934), 99 Ind. App. 196, 190 N. E. 69; *Kuhner* v. *Kuhner Packing Company* (1935), 99 Ind. App. 602, 192 N. E. 269.

In the instant case it was a question of fact for the Industrial Board to determine whether or not at the time of the accident the injured employee was performing services as an employee within the meaning of the compensation law. Where the board has examined the evidence and made its finding of the facts and made an order based thereon this court will not disturb such a finding and award if there is any competent evidence in support thereof. Before a finding and award will be disturbed upon the evidence it has to be of such a conclusive character as to force a conclusion contrary to that reached by the board. See:

*Rehm* v. *Cutshall* (1935), 99 Ind. App. 664, 192 N. E. 848.

In our opinion the award of the full board is not contrary to law. The evidence amply sustains the finding of facts and the facts found sustain the award.

Award affirmed with the usual statutory penalty of five per cent.