SMART ET AL., D/B/A COVINGTON PACKING CO. v.
HARDESTY ET AL.

[No. 29,670. Filed May 1, 1958.]

*Harold Wallick, William B. Weissell* and *Locke, Reynolds, Boyd & Weissell,* all of Indianapolis, for appellant.

*Floyd E. Wadsworth,* of North Vernon, for appellees.

LANDIS, J.—Appellees filed claim for compensation with the Industrial Board alleging appellees' decedent died as a result of injuries which arose out of and in the course of his employment with appellants' packing company. The Industrial Board after a hearing entered a finding and award granting compensation to appellees.[1]

Appellants' contention on this appeal is that appellees' decedent was a farm-hand employee at the time of the accident causing his death, and therefore was specifically excluded by the agriculture exclusion from the compensation law.

The undisputed facts necessary for a consideration of this case indicate that appellants, as husband and wife, were engaged in carrying on the business of general farming and also running the packing company which was located on the farm. In the operation of the farm appellants raised wheat, oats, corn, tomatoes, and generally fed hogs. The packing company was a seasonal business, its principal product being the canning of tomatoes. The height of the tomato canning season was September 20, with the factory getting started about September 2 or 3. Appellants did not raise all the tomatoes processed at the cannery, but bought some from other farmers. It wasn't the practice for trucks to go out from the factory to pick up

1. For opinion of Appellate Court, superseded by this opinion, see 143 N. E. 2d 428, 145 N. E. 2d 308.

tomatoes from farmers, but the farmer would deliver the tomatoes to the factory for so much a ton. The average number of employees in the factory was 45, and appellees' decedent at the time he was injured was the only employee working on the farm practically all the time. Decedent went to work for appellants on May 21, and he worked on the farm until his injury on September 2, except for August 1 and 29 when he worked in the canning factory. Decedent was paid 50 cents an hour for farm work and 75 cents an hour for factory work. On September 2, the date he was injured, he was working at the rate of 50 cents per hour established for farm labor. The factory did not operate on September 2, when decedent was injured, and was not operating between August 29 and September 3. On September 2 decedent was driving a farm tractor pulling a wagon loaded with crates of tomatoes on a private road on the farm leading from the tomato patch to the factory, when the unit jackknifed and overturned the tractor, causing decedent's death.

The Workmen's Compensation Act on which the award was predicated excludes farm or agricultural employees from relief under the act. See: Burns' Statutes, §40-1209, 1952 Replacement, being Acts 1929, ch. 172, §9, p. 536. In ascertaining whether or not a person is a farm or agricultural laborer the law is well settled that the issue must be determined from the character of the work the employee is required to perform, and not from the general occupation or business of the employer. *H. J. Heinz Co.* v. *Chavez* (1957), 236 Ind. 400, 140 N. E. 2d 500; *Evansville Veneer & Lumber Co.* v. *Mullen* (1946), 116 Ind. App. 616, 65 N. E. 2d 742. And while the whole character of the employment must be looked to, an employee may work in a dual capacity for the same em-

ployer and be covered by the Act while engaged in one capacity and excluded from its benefits while engaged in the other. *Evansville Veneer & Lumber Co.* v. *Mullen* (1946), *supra,* and cases cited.

Applying these rules to the case before us, we are led inescapably to the conclusion that the undisputed evidence in the record and the inferences therefrom show appellees' decedent to have been a farm or agricultural employee at the time of his injury. Decedent had worked for appellants-employers for more than three months until his injury and death as a farm laborer, save and except for two days when he worked for appellants' canning factory. The last day he worked for the canning factory was August 29, and the evidence shows it was not operating between August 29 and September 3, the day after his injury. Decedent, on the day he was injured (September 2), was being paid at the farm labor rate of 50 cents an hour, and not at the factory rate of 75 cents. And the evidence showed it to be the practice of farmers to deliver tomatoes to the factory for so much a ton rather than for the factory to send out its trucks to pick up tomatoes from farmers. Decedent was killed while driving a farm tractor and wagon enroute from the farm to the factory transporting tomatoes.

We are not unmindful that it is not the province of a reviewing court to weigh the evidence on appeal and that all inferences are to be resolved in favor of the board's findings, but upon such a state of the record, we believe there was no substantial evidence to support the award of the Industrial Board, and the award is accordingly reversed and the cause remanded with directions for further proceedings in accordance with this opinion.

Emmert, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 547.