**Gary GERLACH, Appellant–Petitioner,**

v.

**Larry Gene WOODKE, Appellee–Respondent.**

No. 93A02–0710–EX–903.

Court of Appeals of Indiana.

May 8, 2008.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellant.

Michael J. O'Reilly, Lafayette, IN, Attorney for Appellee.

**OPINION ON REHEARING**

ROBB, Judge.

In *Gerlach v. Woodke,* 881 N.E.2d 1006 (Ind.Ct.App.2008), we addressed whether the Full Worker's Compensation Board (the "Board") properly affirmed a hearing member's conclusion that Larry Woodke was eligible for worker's compensation benefits following an injury he sustained while in the employment of Gary Gerlach. Woodke's eligibility for benefits turned on whether he was a farm or agricultural employee within the meaning of Indiana Code section 22–3–2–9(a), which precludes such employees from recovering benefits for work-related injuries. Applying the "dual capacity" exception, which requires that we determine whether an employee is a farm or agricultural employee based on the work he was performing at the time of the injury, we concluded Woodke was not such an employee because he was injured while performing maintenance and repair work. Based on this conclusion, we affirmed the Board's decision.

Gerlach has filed a petition for rehearing, contending that our observation that Woodke was injured while performing maintenance and repair work "is a mis-

characterization of the record," petition for rehearing at 2, that we should not have applied the dual capacity exception, and that even if the dual capacity exception applies, its application compels a conclusion against Woodke. Although we agree with Gerlach that the record is not clear about what Woodke was doing at the time of the injury and thus may not have been injured while performing maintenance and repair work, this oversight on our part does not change our conclusion that Woodke was not a farm or agricultural employee at the time of his injury. Accordingly, we grant Gerlach's petition for purposes of correcting our oversight and addressing the other issues raised in the petition, but otherwise affirm our original opinion in its entirety.

We agree with Gerlach that our observation that Woodke was injured while performing maintenance and repair work—specifically "while assisting a welder Gerlach had hired to extend the frame on one of his feed trucks," *Gerlach*, 881 N.E.2d at 1012—is a misstatement of the record. The parties stipulated that "Woodke was injured when he was run over by a tractor and wagon in an accident arising out of and in the course of his employment for Gerlach." Appellant's Appendix at 3. No evidence indicates that Woodke was injured *while* performing the above-described maintenance and repair work. Nevertheless, there is evidence indicating that Woodke was injured shortly after performing maintenance and repair work.

Gerlach testified at his deposition[1] that Woodke was assisting the welder on the morning of March 24, 2004, and that he "had been out to the shop [where Woodke was assisting the welder] just a few minutes before the accident and told [Woodke] when they got done working on that project that he could go ahead and eat his lunch." Appellant's App. at 43. In contrast to this evidence, nothing in the record indicates that at the time of his injury (or at any time during March 24, 2004), Woodke was performing tasks that can be described as farm or agricultural work. Thus, because there is no evidence on this point, it follows that our oversight does not undermine our conclusion that Woodke was not a farm or agricultural employee at the time of his injury.[2]

Gerlach attempts to sidestep this conclusion by arguing that we misapplied the dual capacity exception. In support of this argument, Gerlach contends that the dual capacity cases on which we relied, *Smart v. Hardesty*, 238 Ind. 218, 149 N.E.2d 547 (1958) and *Evansville Veneer & Lumber Co. v. Mullen*, 116 Ind.App. 616, 65 N.E.2d 742 (1946), are distinguishable because in those cases the employer ran two businesses and employed the employee in both, whereas here Gerlach has "no business other than his family farm." Pet. for Reh'g at 4. Gerlach further distinguishes *Smart* and *Mullen* by pointing out that the employee in *Smart* received different hourly wages for farm and non-farm work

1. We reiterate that the parties stipulated the deposition testimony of Gerlach and Woodke was admissible to determine whether Woodke was a farm or agricultural employee. *See Gerlach*, 881 N.E.2d at 1008; Appellant's App. at 3.

2. Our oversight would have compelled a different conclusion if the test was whether Woodke was not a farm or agricultural employee at the time of his injury. Stating the issue as such places the burden on Woodke to prove a negative. Nevertheless, although we did not explicitly state so in our original opinion, we think our formulation of the test properly places the burden on Gerlach, as the employer in a worker's compensation proceeding generally is required to plead and prove that the employee falls within one of the act's exceptions. *See Allison v. Wilhite*, 106 Ind.App. 16, 17 N.E.2d 874, 877 (1938).

and that the non-farm work in *Mullen* was not performed on a farm. Although the presence of multiple businesses, alternative pay rates, and where the work was performed may be important factors in determining whether the dual capacity exception applies, we disagree that their absence here renders *Smart* and *Mullen* distinguishable. Instead, the dual capacity exception simply provides an alternative rule in close cases where the employee's work is roughly divided between farm and non-farm work, and it is therefore difficult to determine whether the "whole character" of the work performed is farm or agricultural. In our original opinion, we addressed the points in the record, particularly portions of the deposition testimony of Gerlach and Woodke, leading to our conclusion that Woodke was employed in a dual capacity. *See Gerlach,* 881 N.E.2d at 1012. We are not convinced that Gerlach's attempts to distinguish *Smart* and *Mullen* compel a different conclusion.

Finally, Gerlach argues that application of the dual capacity exception compels a conclusion in his favor because "the evidence does not establish that he was working as a non-farm employee at the time he was injured." Pet. for Reh'g at 5. As we explained above, we agree with this statement of the evidence, but it does not follow that application of the dual capacity exception requires a different conclusion. Evidence that Woodke was not working as a non-farm employee at the time of his injury is relevant only if the burden is on Woodke to prove an exception to the worker's compensation act. For reasons stated above, *see* supra, note 2, we think such a burden falls on the employer, not the employee. Thus, that there is no evidence Woodke was working as a non-farm employee at the time of his injury does not supply an answer to whether he was working as a farm or agricultural employee at the time of his injury.

We grant Gerlach's petition for rehearing for purposes of correcting an oversight in our original opinion and addressing the other issues raised in the petition, but, for reasons explained herein, otherwise affirm our original opinion in its entirety.

FRIEDLANDER, J., and MATHIAS, J., concur.